UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**Annatta Anthony,**
**Widow of Luther A. Anthony Sr.,**

      **Plaintiff,**

**-V-**                                                             Case No. 2:06-CV-00719
                                                                        JUDGE SMITH
                                                                         **Magistrate Judge Kemp**

**Chicago Title Insurance Company,** *et al.***,**

      **Defendants.**


<u>**OPINION AND ORDER**</u>

      Plaintiff Annatta Anthony, Widow of Luther A. Anthony Sr., brings this action for breach of fiduciary duty, civil conversion, breach of contract, and unjust enrichment against Defendants Chicago Title Insurance Company and Anthony Tucker.  Defendant Chicago Title Insurance Company now moves to dismiss all of Plaintiff's claims.  For the following reasons, the Court **GRANTS** the Defendant's Motion to Dismiss (Doc. 6).

## I.  FACTS

For purposes of ruling on Defendant's Motion to Dismiss, the Court accepts as true the well-pleaded facts set forth in the Complaint.

Plaintiff is a widow whose single-family home in 2599 E. Fifth Ave Columbus, Ohio was allegedly fraudulently sold.  (Compl. ¶¶ 2,4; Ex. A).  Defendant Anthony Tucker is the purchaser of that home.  (Compl. ¶ 4).  Defendant Chicago Title Insurance is a private insurer of titles whose agent, Crescent Title, handled the closing of Plaintiff's home.  (Compl. ¶ 1).

Plaintiff alleges she is a victim of fraud.  (Compl. ¶ 1).  Plaintiff alleges that the quitclaim deed that transferred ownership of their home to their son on January 10, 2004, is a forgery.  (Compl.; Ex. A).  Plaintiff further alleges that the specific power of attorney of their son conferred to Bradford T. Smith on July 1, 2005 is a forgery, as well.  (Compl. ¶ 1; Ex. A).  Finally, Plaintiff alleges that Bradford T. Smith deceptively sold Plaintiff's home on Fifth Avenue to Anthony Tucker for $85,000.  (Compl. ¶ 1; Ex. A).  Plaintiff has filed a claim with the Defendant Chicago Title for title insurance which the Defendant has "refused."  (Compl. ¶ 1).  Plaintiff consequently argues that she is entitled to the value of the house, reasonable attorney fees, court costs, punitive awards, and prejudgment interest.  (Compl. ¶ 1).

On July 6, 2006, Plaintiff filed this action in the Franklin County Common Pleas Court.  On August 23, 2006, Defendant Chicago Title Company removed the case to United States District Court for the Southern

District of Ohio. On September 5, 2006, Defendant filed this motion to dismiss. Plaintiff has not responded to Defendant's motion.[1]

## II.  MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant.  *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 857, 858 (6th Cir. 1976).  Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  5A Charles A. Wright & Arthur R. Miller, *Federal Practice*

---

[1] Additionally, Plaintiff's counsel has ignored this Court's August 19, 2006 Order advising counsel to apply for *pro hac vice* admission.

*and Procedure* § 1356 (3d. ed. 2006).  The moving party is entitled to relief only when the complaint fails to meet this liberal standard.  *Id.*

On the other hand, more than bare assertions of legal conclusions are required to satisfy the notice pleading standard.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Id.* (emphasis in original, quotes omitted).

> [w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Id.*

### III.  DISCUSSION

As an initial matter, the parties tacitly agree that Ohio law governs.  (Compl. ¶ 1; Def's Mot. Dis. at 4-8).  Plaintiff seeks $88,500 in damages and asserts three causes of action against Defendants including: (1) breach of fiduciary obligation; (2) civil conversion; (3) breach of contract and unjust enrichment.  (Compl. ¶¶ 8–16).  This Court will first address Plaintiff's breach of fiduciary obligation.  Next, the Court will address Defendant's arguments for dismissal of the civil conversion claim. Finally, the Court will turn to Plaintiff's breach of contract and unjust enrichment claims.

**A.     Breach of Fiduciary Duty / Bad Faith**

Plaintiff's first cause of action accuses Defendant Chicago Title of failing to pay "a valid claim and its related bills" and alleges that Defendant "acted willfully in refusing to honor its insurance obligations intended to insure the ultimate advantage to the Plaintiff." (Compl. ¶ 8).  Plaintiff, in support of this claim, argues she is a foreseeable third-party beneficiary. (Compl. ¶ 8).

Defendant points out that though Plaintiff characterizes this claim as one for "breach of fiduciary obligation," this claim seems to be one for "bad faith" regarding the way Defendant handled the matter raised by Plaintiff. Regardless, Defendant argues, and this Court agrees, that Plaintiff's first cause of action fails to state a claims upon which relief can be granted.  With respect to Plaintiff's "breach of fiduciary obligation" claim, Defendant correctly argues that Plaintiff's claim fails because Defendant Chicago Title does not owe even a basic duty of protection to Plaintiff, and therefore, cannot be deemed to owe Plaintiff any heightened fiduciary duty.

A fiduciary relationship is a relationship "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Groob v. Keybank*, 843 N.E.2d 1170, 1173 (Ohio 2006).  In order to succeed in a cause for a breach of fiduciary duty, a plaintiff must "[1] show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, [2] a failure to observe such duty, and [3] an injury resulting proximately

5

therefrom." *Herman v. Kratche*, 2006 Ohio 5938, P18–P19 (Ohio Ct. App. 2006) (*quoting Strock v. Pressnell*, 527 N.E.2d 1235, 1243 (Ohio 1988)). Furthermore, "[t]he relationship between a purchaser of insurance and the agent that sells him insurance is, without evidence of something more, an ordinary business relationship, not a fiduciary one." *Gillin v. Indiana Ins. Co.*, No. CA 17108, 1998 Ohio App. LEXIS 5039, at *7–8 (Ohio Ct. App. Oct. 30, 1998). Plaintiff must show "evidence of some special trust or confidence placed in the agent by the insured and recognized by the agent" in order to prevail in such a cause of action. *Id.* (*citing Craggett v. Adell Ins. Agency*, 635 N.E.2d 1326, 1332 (Ohio Ct. App. 1993).

Here, Plaintiff has not alleged facts sufficient to create a fiduciary duty between herself and Defendant. Instead, Plaintiff, in a conclusory fashion, claims that there is an "inherent fiduciary obligation between professionals and bona-fide purchasers of real property" and third-party beneficiaries (Compl. ¶ 8). This logic is untenable since it "would impose fiduciary obligations on the seller of goods or services in the vast multitude of ordinary arm's-length transactions." *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 522 (6th Cir. 1999) (*citing Ed Schory & Sons, Inc. v. Francis*, 662 N.E.2d 1074, 1082 (Ohio 1996)). Therefore, the Court cannot permit Plaintiff's cause of action for breach of fiduciary obligation since the Plaintiff has failed to plead operative facts to sustain such a duty.

Likewise, to the extent Plaintiff's Count One seeks to hold Defendant liable for acting in bad faith, Plaintiff has no viable cause of action. In Ohio, an "insurance company has a duty to act in good faith in settling claims and . . . this duty runs only from the insurer to the insured, not to third parties." *Pasipanki v. Morton*, 572 N.E.2d 234, 235 (Ohio Ct. App. 1990). Conversely, "a third party has no cause of action for bad faith against the [insured's] insurance company."

6

*Murrel v. Williamsburg Local Sch. Dist.*, 634 N.E.2d 263, 265 (Ohio Ct. App. 1990). Plaintiff's admission that she is not privy to any contract with Defendant Chicago Title and is not an insured of Defendant is fatal to Plaintiff's bad faith claim.

Accordingly, Defendant Chicago Title's Motion to Dismiss as to Count One is **GRANTED**.

B.   **Civil Conversion**

In her second claim, Plaintiff argues that "the only way to keep the property from being converted to Defendant owner's use" is for the Defendant Chicago Title to pay the Plaintiff. (Compl. ¶ 10). Plaintiff further alleges that Anthony Tucker is now living in the house and making improvements to the home. (Compl. ¶ 1; Ex. J). Defendant argues, and this Court agrees, that Plaintiff's failure to allege and inability to offer any proof that Defendant Chicago Title is in possession of the home is fatal to Plaintiff's claim.

"Conversion is [1] the wrongful exercise of dominion [2] over property to the exclusion of the rights of the owner, or withholding it from his possession [3] under a claim inconsistent with his rights." *Allan Nott Enters. v. Nicholas Starr Auto, L.L.C.*, 851 N.E.2d 479, 486 (Ohio 2006). Plaintiff has not pled any facts to suggest that Chicago Title is in possession of the home. Therefore, the Court cannot permit Plaintiff's civil conversion claim against Defendant Chicago Title. Accordingly, Defendant Chicago Title's Motion to Dismiss as to Count Two is **GRANTED**.

C.   **Breach of Contract**

7

Plaintiff alleges, in her third claim, that she was directly injured by Defendant's refusal to honor its insurance contract. (Compl. ¶ 13). Plaintiff argues generally that the insurance contract should rise to the level of contractual obligation to Plaintiff due to Defendant's place in the "nature and practice in the business world." (Compl. ¶ 14). Defendant contends that Plaintiff's breach of contract claim must fail because Plaintiff admits to not being in privity of contract, and because Plaintiff is unable to show that she was an intended third-party beneficiary. This Court agrees with Defendant.

"Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1265-66 (Ohio 2003). Ohio has adopted Section 302 of the Restatement of the Law 2d:

> [u]nless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Trinova Corp. v. Pilkington Bros., P.L.C.*, 638 N.E.2d 572, 576–77 (Ohio 1994).

The Court finds *Lone Star Steakhouse & Saloon, Inc. v. Quaranta*, 2003 Ohio 3287, P27 (Ohio Ct. App. 2003), instructive. There, First American was the defendant-title insurer and Lone Star was the insured while Quaranta was the plaintiff-seller. *Id.* Lone Star's policy neither mentioned nor conferred any rights to Quaranta. *Id.* The *Quaranta* court consequently found "[t]o the extent [plaintiff-seller] received any benefit under the policy it was only incidental to the policy, making them incidental third-party beneficiaries and not intended third-party

8

beneficiaries." *Id.* The *Quaranta* court reasoned that "the purpose of the insurance contract between First American and Lone Star was to protect Lone Star's interest in acquiring good title." *Id.* Therefore, the plaintiff-seller could not claim it was a third-party beneficiary under the insurance contract. *Id.* In the instant case, Plaintiff, like the *Quaranta* plaintiff, has failed to plead that the title insurance contract names her or confers her any interest in any fashion.

Therefore, the Court cannot permit Plaintiff's breach of contract claim against Defendant Chicago Title since Plaintiff has failed to plead operative facts to bring a claim under a contract as an intended third-party beneficiary. Accordingly, Defendant Chicago Title's Motion to Dismiss as to the breach of contract claim is **GRANTED**.

**D.     Unjust Enrichment**

Alternatively, Plaintiff alleges, in her third claim, that Defendant Chicago Title collected premiums from Anthony Tucker for the purposes of insuring him against claims such as the one that Plaintiff brings. (Compl. ¶ 14). In other words, Defendant Chicago Title was unjustly enriched by Anthony Tucker's premiums since he paid Defendant to insure his home against title insurance claims like the claim Plaintiff filed, which was refused. Defendant responds that Plaintiff has not conferred any benefit to Defendant Chicago Title, and cannot use the premiums paid by Anthony Tucker as a basis for an unjust enrichment claim. (Def's Mot. Dis. at 8). The Court agrees with Defendant.

In order to succeed in a claim of unjust enrichment "a party must demonstrate '(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit;

and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment').'" *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005) (*quoting Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)). Here, Plaintiff has not alleged that she conferred a benefit to Defendant Chicago Title.  Since Anthony Tucker, not Plaintiff, is the source of the premiums received by the Defendant Chicago Title, it is only appropriate that Anthony Tucker be the recipient of such funds in a successful unjust enrichment claim.  Therefore, the Court cannot permit Plaintiff's unjust enrichment claim against Defendant Chicago Title since the Plaintiff has failed to plead operative facts to show that she has conferred a benefit on the Defendant.  Accordingly, Defendant Chicago Title's Motion to Dismiss as to the unjust enrichment claim is **GRANTED**.

## IV.  CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss as to all claims against Defendant Chicago Title (Doc. 6).

The Clerk shall remove Doc. 6 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

      **IT IS SO ORDERED.**

    **/ s/ George C. Smith**
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**